UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN CHOVANEC | CIVIL ACTION NO. 11-1798 |
| VERSUS | JUDGE ROBERT G. JAMES |
| POLICE DEPT. CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the Court is *pro se* Plaintiff John Chovanec's ("Chovanec") Motion for Reconsideration of Motion to Appoint Counsel, construed by the Court as an Appeal of the Magistrate Judge's Order Denying Plaintiff's Motion to Appoint Counsel ("Appeal"). [Doc. No. 19].

On June 11, 2012, Chovanec filed an appeal of Magistrate Judge Hayes' October 11, 2012 Order denying motion to appoint counsel to represent him in his lawsuit pursuant to 42 U.S.C. § 1983 and her subsequent February 15, 2012 Order denying Chovanec's motion seeking reconsideration. *See* [Doc. Nos. 6 & 12].[1]

A magistrate judge may rule on any non-dispositive pre-trial matter, except those proscribed by statute. *See* 28 U.S.C. § 636(b)(1)(A). On appeal of a magistrate judge's order, a district judge "may reconsider any pretrial matter . . .where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*. Local Rule 74.1 provides that

A party may appeal from a magistrate judge's order by filing with the clerk of court,

---

[1] Because Chovanec has failed to timely perfect service of process on the Defendants named in his lawsuit, no responses have been filed to this Appeal. *See* Memorandum Order denying Chovanec's third Motion for Extension of Time to Effect Service. [Doc. No. 22].

>*within 14 days after being served with a copy of the order,* a written statement of appeal specifically designating the order or part thereof appealed from, the basis for the objection, and a written memorandum in support thereof. (emphasis added).

Here, Chovanec's appeal appears untimely, given that he filed his Appeal on June 11, 2012, well over fourteen days after the magistrate judge's orders denying his motion to appoint counsel and his motion to reconsider. However, the record does not indicate when, if ever, Chovanec was served with copies of the aforementioned orders. *See* [Docket Entries noting "MAIL RETURNED as Undeliverable" Doc. Nos. 8 & 14]. Chovanec states in his pleadings that he is homeless. *See* [Doc. No. 19, p. 1].[2] Although Chovanec regularly checks the status of his case in person at the Clerk of Court's Office, it is unclear when he had actual notice of the orders. Given his *pro se* and homeless status the Court will treat his Appeal as timely.

Nevertheless, Chovanec's Appeal is not supported by substantive law. "There is no absolute right to counsel in civil actions. Rather, counsel are appointed in civil matters only under very limited circumstances." *Bourg v. Dep't of the Treasury Fin. Mgmt. Serv.*, No. 07-2230-N, 2008 U.S. Dist. LEXIS 22956, at *2-3 (E.D. La. Mar. 24, 2008) (citing *Gonzalez v. Carlin*, 907 F.2d 573, 579-80 (5th Cir. 1990)); *see Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985) ("Generally speaking, no right to counsel exists in §1983 actions . . . . [But] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present.") (internal citations omittted).

To determine if exceptional circumstances exist, a court should consider: (1) the type and complexity of the case; (2) whether the indigent person is capable of adequately presenting his case;

---

[2]Despite his alleged homeless status, the Civil Cover Sheet attached to Chovanec's Complaint provides an address in Ruston, Louisiana. The Court takes judicial notice that the provided address is the address of a motel. *See* [Doc. No. 1-2].

(3) whether the indigent person is in a position to adequately investigate the case; and (4) whether the evidence consists largely of conflicting testimony such that skill in the presentation of evidence and cross examination is required. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (internal citations omitted). A court has the discretion to appoint counsel if doing so would advance the proper administration of justice. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (finding that the trial court did not err in refusing to grant the plaintiff's motion for appointment of counsel where plaintiff was pursuing a claim under § 1983 that was not particularly complex, where plaintiff proved capable of self-representation, and where plaintiff had failed to demonstrate that he was unable to secure private counsel).

The Court finds that the magistrate judge's October 11, 2011, and February 15, 2012 Orders [Doc. Nos. 6 & 12] were neither erroneous nor contrary to law. With regard to the October 11, 2011 Order, the magistrate judge properly conducted the analysis and concluded that exceptional circumstances did not support the granting of the motion. With regard to the motion for reconsideration, the magistrate judge specifically considered and rejected Chovanec's assertion that he had made heroic efforts to obtain an attorney, reminding Chovanec that the Order denying his request for counsel had informed him of several attorney referral services and pointing out an additional legal assistance organization for the area. [Doc. No. 12, p.1].[3] In his Appeal, Chovanec now contends that he has contacted more than fifty attorneys from northeast Louisiana and that he has searched for attorneys in other cities throughout the state to no avail. He still does not mention

---

[3]The Order also pointed out that Chovanec "has already contacted the usual attorneys that this court asks to represent pro se plaintiffs in those cases where exceptional circumstances warrant the appointment of counsel" and the fact that they were unwilling to represent him "may be an indication that the matter does not enjoy as much merit as [Chovanec] profoundly believes." [Doc. No. 12, p. 2].

any of the legal assistance services that the magistrate judge suggested in her orders. *See* [Doc. No. 19].

Regardless, his attempts to obtain counsel are only part of the consideration. Chovanec's homelessness does not provide a basis for setting aside the magistrate judge's February 15, 2012 Order. *See* [Doc. No. 9, p. 2]. The magistrate judge identified numerous resources that could assist him in the prosecution of his case, despite his homelessness. These resources include the parish library, the Clerk of Court's website that would permit him to receive court notices via email, and, alternatively, the United States Post Office, which would hold his mail for pick-up. [Doc. No. 12, p. 2]. In his Appeal, Chovanec does not mention that he attempted to utilize any of these resources. *See* [Doc. No. 19]. For all of these reasons,

IT IS ORDERED that Chovanec's Appeal [Doc. No. 19] is DENIED.

MONROE, LOUISIANA, this 22nd day of June, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE