UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN CHOVANEC | CIVIL ACTION NO. 11-1798 |
| VERSUS | JUDGE ROBERT G. JAMES |
| POLICE DEPT. CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the Court is *pro se* Plaintiff John Chovanec's ("Chovanec") "Motion For a Change of Magistrate" ("Motion to Reassign Magistrate"), construed by the Court as a Motion for Recusal of the Magistrate Judge. [Doc. No. 18]. The basis for Chovanec's Motion to Reassign Magistrate is that he has been unable to procure an attorney to assist him in pursuing his lawsuit pursuant to 42 U.S.C. § 1983 and that Magistrate Judge Hayes has been uncooperative in providing a court-appointed attorney to assist him in prosecuting his civil action.[1]

Title 28, United States Code Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[1] In two previous orders denying Chovanec's request for appointment of counsel, Magistrate Judge Hayes provided Chovanec with contact information for various regional organizations who provide legal services to indigent clients. *See* [Doc. Nos. 6 & 12].

Title 28, United States Code Section 455 sets forth some of the grounds for recusal of a judge and provides, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>     (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>
>     (ii) Is acting as a lawyer in the proceeding;
>
>     (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>     (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

A legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: "(1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature." *Carr v. Baynham*, No. 6:08cv12, 2008 U.S. Dist. LEXIS 121353, at *3 (E.D. Tex. Feb. 1, 2008) (citing *Henderson v. Dep't of Pub. Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).

Here, Chovanec has not submitted an affidavit. Even if the Court were to construe Chovanec's Motion to Reassign Magistrate as a properly prepared affidavit, Chovanec fails to show any valid basis for recusal based on 28 U.S.C. §§ 144 and 455. It is well established that mere disagreement with a ruling is "almost always insufficient to show bias or prejudice justifying removal." *Carr*, 2008 U.S. Dist. LEXIS 121353, at *4 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Thus, Chovanec's Motion to Reassign Magistrate is without merit. Accordingly,

IT IS ORDERED that Chovanec's Motion to Reassign Magistrate [Doc. No. 18] is DENIED.

MONROE, LOUISIANA, this 22nd day of June, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE