UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN CHOVANEC | CIVIL ACTION NO. 11-1798 |
| VERSUS | JUDGE ROBERT G. JAMES |
| POLICE DEPT. CITY OF MONROE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

On June 12, 2012, this Court denied *pro se* Plaintiff John Chovanec's ("Chovanec") third Motion for Extension of Time to Effect Service [Doc. No. 22] based on his failure to meet the deadline set forth in the magistrate judge's April 16, 2012 Order [Doc. No. 16] directing Chovanec to properly perfect and file a return of service for the named Defendants in this matter no later than June 12, 2012. For the following reasons, Chovanec's Complaint [Doc. No. 1] is DISMISSED WITH PREJUDICE.

More than 120 days have passed since Chovanec filed his Complaint [Doc. No. 1] on October 5, 2011. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against the defendant or order that service be made within a specified time." (emphasis added). *See* Local Rule 41.3 ("A civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution . . . [w]here no service of process has been made within 120 days after filing of the complaint."). Additionally, Federal Rule of Civil Procedure 41(b) permits a district court to dismiss an action for a plaintiff's

failure to prosecute. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992).

The Court has given Chovanec ample time to serve Defendants in this case and notice that his case would be dismissed if he failed to effect service. In her April 16, 2012 Order, the magistrate judge granted Chovanec's second motion for extension of time to perfect service and imposed a final deadline of June 12, 2012. She specifically warned Chovanec that "**NO FURTHER EXTENSIONS WILL BE GRANTED.**" [Doc. No. 16]. Rather than comply with the deadline, Chovanec sought a third extension of time to effect service on Defendants on June 11, 2012, which was denied. [Doc. Nos. 20 & 22]. Thus, Rule 4(m) obligates this Court to dismiss Chovanec's lawsuit for failing to effect service by the final deadline set by the magistrate judge. "In federal court, a dismissal under Rule 4(m) constitutes an abandonment of a claim, meaning that the claim is treated as having never been filed and thus fails to interrupt the running of a prescription period." *Cruz v. Louisiana*, 528 F.3d 375, 379 (5th Cir. 2008) (citing *Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir. 1987) ("A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had ever been filed")).

Chovanec's Complaint alleges violations under 42 U.S.C. § 1983. "Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims." *Thompson v. St. Tammany Parish Hosp.*, 12-0360-J, 2012 U.S. Dist. LEXIS 78960, at *11 (E.D. La. May 22, 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). LA CIV. CODE art. 3492 governs personal injury claims and provides for a one-year prescriptive period from the date of injury or damage. Chovanec also alleges claims of defamation against various regional media outlets that reported his arrest. Defamation claims are

also subject to Article 3492's one-year prescriptive period. *See Williams v. Nexstar Broad., Inc.*, No. 11-CA-887, p. 11-12 (La. App. 5 Cir. 4/10/12); 2012 La. App. LEXIS 482.

The Fifth Circuit applies Louisiana law regarding the interruption of prescription. *Lewis v. Sheriff's Dep't Bossier Parish*, 2012 U.S. App. LEXIS 5266, *14-15 (5th Cir. 2012) (unpublished) (citing *Cruz*, 528 F.3d at 378). Although Louisiana law provides that the pendency of a suit in a court of competent jurisdiction and venue interrupts prescription, "[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial." LA CIV. CODE art. 3463; *see Lewis*, 2012 U.S. App. LEXIS 5266 at *15. Since dismissal under Rule 4(m) constitutes abandonment, any case dismissed on this basis will be treated as if it were never filed.

According to his Complaint, which was filed on October 5, 2011, Chovanec's unlawful arrest occurred on October 6, 2010. [Doc. No. 1, p. 1]. Given that nearly one year passed between Chovanec's alleged unlawful arrest and the filing of his Complaint, the prescriptive period had nearly run when Chovanec filed his lawsuit. *See Wallace*, 549 U.S. at 388 ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date"). While it is unclear when the media outlets reported his arrest, the Court can only assume the reports would have been made shortly after the arrest. Thus, the one-year prescriptive period applicable to all of Chovanec's claims would have run by some day in October, 2011. By filing suit on October 5, 2011, Chovanec initially tolled the prescriptive period.

However, if this Court dismisses Chovanec's Complaint for failure to effect service on

Defendants, he will be deemed under Fifth Circuit precedent as having abandoned his lawsuit. As a result, the filing of Chovanec's Complaint did not result in an interruption of Louisiana's one-year prescriptive period. While the Court would normally dismiss Chovanec's lawsuit without prejudice, a dismissal with prejudice is appropriate in this case.

Recognizing that dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," the Fifth Circuit has identified aggravating factors that district courts must consider when imposing such an outcome. *Berry*, 975 F.2d at 1191 (internal quotations omitted). "[D]ismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a lesser sanction would not better serve the interests of justice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citations omitted). Additionally, the Fifth Circuit generally requires at least one of three aggravating factors for a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. (citations and internal quotation marks omitted). Here, the Court notes that Chovanec has established a clear record of delay in failing to effect service in accordance with court-imposed deadlines. Although the magistrate judge identified a number of legal assistance organizations, Chovanec apparently failed to contact them. *See* [Doc. Nos. 6, 12, 16]. Additionally, Chovanec's indigent status means that lesser sanctions would have little effect. Finally, because Chovanec is proceeding *pro se*, all delays here are attributable to him, rather than to an attorney. Accordingly, dismissal with prejudice is not an inequitable outcome given the history of this case.

MONROE, LOUISIANA, this 22nd day of June, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE